IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

AARON JEROME LYLES,

      Petitioner,

v.                                                                                                       Case No. 1:19-cv-00207

WARDEN, FCI BENNETTSVILLE,[1]

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A.  Petitioner's conviction and direct appeal.

On September 7, 2000, Petitioner was indicted on three charges: (1) Conspiracy to Commit Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count One); (2) Armed Bank Robbery in violation of 18 U.S.C. §2113(a) and (d) and 18 U.S.C. § 2 (Count Two); and (3) Brandishing and Discharging a Firearm During and in Relation to a Crime

---

[1] Petitioner has been transferred to FCI Bennettsville in Bennettsville, South Carolina. The Clerk is directed to modify the docket sheet, including the short style of the case, to reflect that the proper respondent is the Warden at FCI Bennettsville. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

of Violence in violation of 18 U.S.C. § 924(c)(1)(A); 18 U.S.C. § 2 (Count Three). *See United States v. Lyles*, Case Nos. 4:00-cr-55-H-1, 4:13-cv-116-H, 2:00-cr-00024-H-1 (E.D.N.C.). He pled guilty to Counts Two and Three on December 18, 2000, pursuant to a written plea agreement. *See United States v. Lyles*, Case No. 4:00-CR-55-H-1, ECF No. 38 (E.D.N.C.). On May 29, 2001, he was sentenced to a total term of imprisonment of 355 months. *Id*., ECF No. 63. Petitioner's sentencing calculation under the United States Sentencing Guidelines ("USSG") included an enhancement under USSG § 4B1.1 for his status as a career offender based upon at least two prior felony convictions.[2]

      Petitioner did not appeal his conviction or sentence. However, on May 2, 2013, he filed a motion to vacate his sentence and conviction pursuant to 28 U.S.C. § 2255. *Id*. ECF No. 102. The § 2255 motion was dismissed as untimely on October 23, 2013. *See Lyles v. United States*, No. 4:00-cr-55-H-1, 2013 WL 5742723, at *1 (E.D.N.C. Oct. 23, 2013). His appeal to the United States Court of Appeals, for the Fourth Circuit was dismissed on January 28, 2014. *See United States v. Lyles*, 553 F. App'x 300 (4th Cir. Jan. 28, 2014).

      On June 21, 2016, the Fourth Circuit granted Petitioner's motion under to 28 U.S.C. §§ 2244, 2255(h) to file a second or successive § 2255 motion based upon the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See Lyles*, No. 4:00-CR-55-H-1 (E.D.N.C.), ECF No. 134. In *Johnson*, the Supreme Court found that the "residual clause" contained in the Armed Career Criminal Act ("ACCA"), 18 U.S.C.

---

2  Section 4B1.1 provides as follows: "(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

2

§ 924(e)(2)(B)(ii), was void for vagueness. Although Petitioner's sentence involved a guideline career offender enhancement, not an ACCA enhancement, the Fourth Circuit's authorization order stated that Petitioner had "made a prima facie showing that the new rule of constitutional law announced in [*Johnson*], and held to apply retroactively to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016), may apply to his case." *Id*. Petitioner then filed his second § 2255 motion on June 23, 2016, raising essentially the same claim as the one made in this case—that his prior North Carolina conviction for assault with a deadly weapon inflicting serious injury ("AWDWISI"), in violation of N.C. Gen. Stat. § 14-32(b), is not a crime of violence, and therefore, should not have been used to enhance his federal sentence. *Id.*, ECF Nos. 135, 144. Thus, he essentially argued that the rationale in *Johnson*, which involved the ACCA's residual clause, should be extended to the nearly-identical residual clause contained in USSG § 4B1.2(a).³ He further asserted that his AWDWISI did not otherwise meet the crime of violence definition in the guideline.

Petitioner's second § 2255 motion was stayed pending the outcome of the Fourth Circuit's decision in *United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017), *rehr'g denied*, 891 F.3d 115 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 14 (2018). *Id.*, ECF No. 156. In *Brown*, the Fourth Circuit held that the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) foreclosed any vagueness challenge to the guidelines.

---

3 At the time of his conviction and sentencing, USSG § 4B1.2(a) defined a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)."

Although Petitioner attempted to argue that his <u>mandatory</u> guideline enhancement, unlike the advisory guideline addressed in *Beckles*, has the equivalent force of law and should be subject to a vagueness challenge, the Supreme Court has not specifically held that the formerly mandatory sentencing guidelines are subject to vagueness analysis and, therefore, the career offender residual clause in § 4B1.2(a) (or any other similar clause found in the guidelines) has not been invalidated under the *Johnson* rationale. Thus, Petitioner's second § 2255 motion was denied based upon *Brown* on January 29, 2019. *Id.*, ECF No. 174. The sentencing court further found that, because Petitioner could not rely upon *Johnson* for relief, his second § 2255 motion was otherwise untimely under § 2255(f).

      **B.**     **The instant § 2241 petition.**

On March 21, 2019, Petitioner filed the instant § 2241 petition (ECF No. 1) again claiming that his career offender enhancement was improper because his prior North Carolina AWDWISI conviction does not qualify as a crime of violence in order to serve as a predicate offense for the career offender enhancement under USSG §§ 4B1.1 and 4B1.2. (*Id.* at 2-7). Petitioner repeats the argument made in his second § 2255 motion that the mandatory guidelines have the force and effect of statutory law and, thus, the residual clause contained in § 4B1.2(a) is also invalid after *Johnson*.

Petitioner further contends that the Supreme Court's decisions in *Descamps v. United States,* 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016), which addressed the appropriate usage of the categorical versus modified categorical approaches, "redefined which prior convictions qualify as predicate enhancement offenses" and that the North Carolina AWDWISI statute under which he was previously

4

convicted is divisible and criminalizes conduct that does not categorically qualify as a crime of violence under either the "enumerated offense" or "force" clauses of the guideline. (*Id.* at 7-8). Thus, he seeks resentencing without the career offender enhancement and attempts to use the savings clause contained in 28 U.S.C. § 2255(e) to raise his claim for relief in a petition brought under 28 U.S.C. § 2241. (*Id.*)

On December 20, 2019, Petitioner filed a supplemental memorandum relying on the additional decision in *Faison v. Gomez*, No. 3:19-cv-12, 2019 WL 2030133 (N.D.W. Va. May 8, 2019), in which our sister court, without objection from the government, vacated a career offender enhanced sentence imposed under mandatory guidelines and resentenced the defendant without that enhancement. (ECF No. 10).

On October 6, 2020, Respondent filed a response to Petitioner's § 2241 petition, as ordered by the court. (ECF No. 15). Respondent asserts that Petitioner cannot meet the criteria for review of his claim under the savings clause because the authority upon which he relies does not constitute a retroactive substantive change in the law that presents a sentencing error sufficiently grave to be deemed a fundamental defect. Therefore, Respondent assets that Petitioner's current petition constitutes an unauthorized third § 2255 motion that must be dismissed or transferred to Petitioner's sentencing court. (*Id.* at 4-7).

Specifically, Respondent contends that Petitioner's *Johnson*-based argument is foreclosed by the Fourth Circuit's decision in *Brown*, as he was previously advised when the sentencing court denied his second § 2255 motion. *See, e.g., Woodard v. Warden, Edgefield FCI*, No. 4:20-cv-1570-RMG, 2020 WL 2744145, at *2 (D.S.C. May 27, 2020) (relying on *Brown* to reject a petitioner's argument that the crime of assault with a deadly

5

weapon and inflicting serious injury under N.C. Gen. Stat. § 14-32(b) no longer qualifies as a crime of violence under the guidelines). Respondent further asserts that Petitioner's reliance on *Faison* is misplaced because the specific facts and circumstances of that case, most significantly the government's failure to contest the resentencing, are distinguishable from the instant case and, moreover, *Faison* is a district court case that cannot serve as a new substantive change in the law. (*Id.* at 7).

On October 16, 2020, Petitioner filed a reply brief asserting that he can meet the third prong of the savings clause because, despite being authorized to file a second § 2255 motion, that motion was dismissed as untimely through no fault of his own. (ECF No. 16 at 1-2). He further claims that he can meet the fourth *Wheeler* prong because the allegedly improper career offender enhancement imposed under the mandatory guideline scheme resulted in at least a 98-month increase in his sentence. (*Id.* at 2-3). Finally, Petitioner contends that Respondent has misconstrued the *Brown* decision, which involved a South Carolina statute, and that the North Carolina statute under which he was previously convicted concerns a non-violent crime. (*Id.* at 4-5). Therefore, he maintains that this court has jurisdiction to review his claim under § 2241.

## **ANALYSIS**

Petitioner's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in his sentencing court which, in this case, is the United States District Court for the Eastern District of North Carolina. Normally, a § 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in § 2255, unless the petitioner can show that the remedy under § 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332. Thus, Petitioner's prior unsuccessful filing of a § 2255 motion in his sentencing court, standing alone, will not permit review under § 2241.

Accordingly, before considering Petitioner's § 2241 petition on its merits, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of Petitioner's detention in order that he may pursue relief under § 2241. Recently, the United States Court of Appeals for the Fourth Circuit modified its test to determine whether the remedy under § 2255 is inadequate or ineffective with respect to sentencing challenges as follows:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).  Because Petitioner's claim involves a challenge to his sentence, *Wheeler* governs his claim.

In interpreting the phrase "this circuit," as used in *Wheeler*, the Fourth Circuit has held that it is the law of Petitioner's circuit of conviction and sentencing that controls the substantive determinations. Here, Petitioner was convicted within the Fourth Circuit; thus, Fourth Circuit substantive as well as procedural law controls.  *See Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted.")   As further addressed below, Petitioner cannot meet the *Wheeler* criteria for several reasons.

First, Petitioner's argument based upon *Johnson* is foreclosed by the decisions in *Beckles* and *Brown*.  As asserted by Respondent, there is presently no retroactive decision rendering the residual clause of the mandatory guidelines that were in effect at the time of Petitioner's sentencing void for vagueness.  Therefore, Petitioner cannot satisfy the second *Wheeler* prong.

Moreover, because *Johnson* was found to be a new rule of constitutional law, Petitioner was able to meet the gateway provisions of § 2255(h)(2) and he was authorized to file a second or successive § 2255 motion in which he raised this exact claim.  His

assertion that he can meet the third prong of *Wheeler* because his second § 2255 proceedings was allegedly untimely filed by his counsel is misplaced. A review of the decision denying his second § 2255 motion, of which this court may take judicial notice, demonstrates that the North Carolina district court found that Petitioner's *Johnson*-based argument was invalid on the merits under *Beckles* and *Brown* and, thus, he could not rely upon the substance of the *Johnson* decision to assert a timely successive claim under § 2255(f)(3), not because his counsel had untimely filed the *Johnson* motion.[4] In *Jones*, the Fourth Circuit held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." 226 F.3d at 333. Thus, Petitioner cannot attempt to use the savings clause to reassert a claim upon which he has already been denied relief under § 2255.

Petitioner further suggests that the decisions in *Descamps* and *Mathis*[5] represent a change in substantive law and that § 2255 is inadequate or ineffective to test the legality of his detention thereunder and, thus, he should be able to use the savings clause to bring his sentencing challenge under § 2241. Based upon these Supreme Court decisions, Petitioner contends that the North Carolina AWDWISI statute under which he was previously convicted is "divisible" and contains elements that are broader than the "crime of violence" definition in the career offender guideline. *See* USSG § 4B1.2(a). However,

---

4  The North Carolina docket demonstrates that Petitioner's second § 2255 motion was timely filed within one year of the *Johnson* decision.
5  In *Descamps* and *Mathis*, which were both direct appeals, the Supreme Court addressed the proper application of the categorical and modified categorical approaches in determining whether a prior conviction qualifies as a predicate offense for an enhanced sentence under the Armed Career Criminal Act. The Supreme Court made it clear that these decisions were dictated by, and mere clarifications of, prior case law.

neither the Supreme Court nor the Fourth Circuit have declared *Descamps* or *Mathis* to be new substantive rules of law that are retroactively applicable on collateral review. *Mathis*, 136 S. Ct. at 2257 (noting that decision was dictated by decades of prior precedent); *Ham v. Breckon*, 994 F.3d 682, 695 (4th Cir. 2021) ("We decline to hold that *Mathis*'s explanation about how to determine whether parts of a statute are 'elements or means' changed this circuit's substantive law"). Therefore, Petitioner cannot rely on any of these decisions to meet the second prong of the *Wheeler* test, and the undersigned proposes that the presiding District Judge **FIND** that he cannot satisfy the criteria for review of his claims under the savings clause.

For these reasons, the undersigned further proposes that the presiding District Judge **FIND** that Petitioner has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review Petitioner's claims contained in his section 2241 petition.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and

8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner.

December 14, 2021

Dwane L. Tinsley
United States Magistrate Judge